IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOOKER ORLANDUS
TARVIN, JR.                                                                                          PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:18cv893-CWR-FKB

SHERIFF VICTOR P. MASON
and MAJOR RUSHING                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Booker Orlandus Tarvin, Jr. is a Hinds County pretrial detainee who, during the relevant time period, was housed at the Hinds County Detention Center in Raymond, Mississippi. He filed this action pursuant to 42 U.S.C. § 1983 alleging that the sheriff and the administrator of the facility failed to protect him from an assault by other inmates. An omnibus hearing was held before the undersigned on November 5, 2019, at which Plaintiff testified concerning his claims. Presently before the Court are two motions for summary judgment filed by Defendants. [18] and [22]. Plaintiff has filed no responses to the motions. The undersigned recommends that the motions be granted.

Tarvin was booked into the custody of Hinds County on or about May 25, 2018. He alleges that the next day, two inmates attacked and stabbed him. Plaintiff believes that employees at the jail brought in the weapons that were used against him, and he seeks to hold Defendants liable on this basis.

In their motions, Defendants argue, *inter alia*, that Plaintiff failed to exhaust his administrative remedies.[1]  Plaintiff admitted at the omnibus hearing that he never filed an administrative grievance based upon the attack, and he offered no reason for this failure.  [22-1] at 10.  Submissions in support of Defendants' motions confirm that while Plaintiff filed other grievances, he never submitted one concerning the May 2018 assault.  [16-3] at 1-2.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement applies to all inmate suits about prison life.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Furthermore, it requires exhaustion of all remedies that are available, including pursuit of all levels of a grievance process.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  It is undisputed that Plaintiff failed to meet this requirement.  Therefore, his complaint is subject to dismissal.

For these reasons, the undersigned recommends that Defendants' motions be granted and this action dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that

---

[1] Defendants' first motion for summary judgment [18] was based solely upon Plaintiff's failure to exhaust. In their second motion [22], Defendants re-urged that argument and asserted others as well.

party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of July, 2020.

s/ F. Keith Ball\
United States Magistrate Judge